IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REUBEN McDOWELL, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-15-0487 |
| vs. : | |
| : | (Judge Caldwell) |
| KEVIN DePAROLS, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.   *Introduction*

The pro se plaintiff, Reuben McDowell, an inmate at the Lycoming County Prison in Williamsport, Pennsylvania, filed this *pro se* civil-rights action alleging that defendants failed to protect him from assault by another inmate, issued him a fabricated misconduct regarding that event, and then denied him due process during his disciplinary hearing resulting in his confinement in the prison's Special Management Unit for over thirty days.  Named as defendants are:  the Lycoming County Prison (LCP); Warden Kevin DeParlos; Lt. Harry Entz; Lt. Josh Rogers; Sgt. Mike White; Corrections Counselor Ryan Barns; Corrections Officer (CO) Travis Scrobel and CO Johnson.

We are considering Plaintiff's motion for appointment of counsel based on his indigent status and lack of legal training.  (Doc. 4).

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d

492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which

factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly."  *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel."  *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

McDowell's motion for counsel fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time.  *Tabron*, 6 F.3d at 155-56.  The pleadings submitted by Plaintiff in this case so far are comprehensible and the claims set forth are not complex.  McDowell is clearly literate and, while it is true he that he is incarcerated, he appears able to litigate this action on his own.  It cannot be said, at least at this point, that he will suffer substantial prejudice if he is required to proceed with the prosecution of this case without the assistance of an attorney.  This court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with McDowell's apparent ability to litigate this action, weigh against the appointment of counsel.  His present motion for counsel will be

denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  March 26, 2015