UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REUBEN MCDOWELL, | |
| Plaintiff, | CIVIL ACTION NOS. 1:15-cv-00487 |
| v. | (CALDWELL, J.)<br>(SAPORITO, M.J.) |
| KEVIN A. DEPARLOS, Warden, et al. | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights action. The only surviving claim involves a disciplinary hearing that occurred in April 2014. The plaintiff claims to have been deprived of his Fourteenth Amendment procedural due process rights because he was not provided with the assistance of a staff representative in preparing a defense to the disciplinary charges, and because prison officials failed to produce investigatory reports for review by that staff representative.

On September 12, 2017, the Court received and filed the plaintiff's *pro se* motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. 87; *see also* Doc. 88). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a

court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). On September 14, 2017, the remaining defendants filed their response to the motion, stating that they concur in the plaintiff's motion to voluntarily dismiss this action. (Doc. 89). But the defendants' response contained a caveat: They requested that the court dismiss the action *with prejudice*. (*Id.*).

Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1),[1] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

> A motion for voluntary dismissal under Rule 41(a)(2) lies within the sound discretion of the district court. "The purpose of the grant of discretion under Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.". . . In ruling on a motion to dismiss under Rule 41(a)(2), a court must examine the prejudice

---

[1] Rule 41(a)(1) permits voluntary dismissal without court action upon the filing of a notice of dismissal by the plaintiff before an answer or summary judgment motion has been filed by the defendant(s), or upon the filing of a stipulation of dismissal signed by all parties that have appeared. Fed. R. Civ. P. 41(a)(1). Neither scenario applies in this instance.

> to the defendant, both in terms of legal prejudice and litigation expense. Relevant factors in this analysis include (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party. . . . [T]he Third Circuit has taken a restrictive approach to granting dismissal without prejudice.

*Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008) (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2364 n.19 (2d ed. n.d.)) (citations and ellipsis omitted). Generally, "Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990).

Having considered these several factors, we find no significant prejudice to the respondent would result from dismissal. Moreover, in light of the plaintiff's proffered explanation for voluntary dismissal—a lack of documentary evidence to support the essential factual allegations of the plaintiff's surviving claim—and the fact that any future complaint raising this same claim anew would most certainly be subject to dismissal on

statute of limitations grounds, we find dismissal *with prejudice* to be appropriate.

Accordingly, it is recommended that:

1. The plaintiff's motion for voluntary dismissal (Doc. 87) be **GRANTED**;

2. The amended complaint (Doc. 46) be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2); and

3. The Clerk be directed to **CLOSE** this case.


Dated: October 5, 2017     *s/ Joseph F. Saporito, Jr.*
                           JOSEPH F. SAPORITO, JR.
                           United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REUBEN MCDOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN A. DEPARLOS, Warden,<br>et al.<br><br>    Defendants. | CIVIL ACTION NOS. 1:15-cv-00487<br><br>(CALDWELL, J.)<br>(SAPORITO, M.J.) |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated October 5, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


Dated: October 5, 2017                     ***s/ Joseph F. Saporito, Jr***.
                                           JOSEPH F. SAPORITO, JR.
                                           United States Magistrate Judge